# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>vs.<br><br>NOE ALVAREZ SOTO,<br><br>                    Defendant. | CASE NO. 19-CR-4853-LAB<br><br>**ORDER DENYING MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582**<br>**[Dkt. 47]** |

In February 2020, Noe Soto pled guilty to importing cocaine and methamphetamine in violation of federal law. The Court sentenced him to the mandatory required sentence of 120 months, followed by five years' supervised release. Soto subsequently participated in a safety valve debrief with Government prosecutors, which allowed him to qualify for relief from the mandatory minimum sentence. In June 2021, the Court reduced his sentence to 70 months. He is scheduled to be released from Bureau of Prisons ("BOP") custody on October 22, 2024.

He now moves for a reduction of sentence under 18 U.S.C. § 3582(c)(1)(A), which permits a court to modify a defendant's term of imprisonment if it concludes that "extraordinary and compelling reasons" warrant a reduction after considering the factors set forth in 18 U.S.C. § 3553(a). Soto says his sentence should be reduced to time served because

of his age, his separation from his family who are located in Tijuana, Mexico, and the financial cost of his imprisonment. (Dkt. 47 at 2). The Government doesn't fully address these points but oppose Soto's motion because they say he has failed to exhaust all administrative remedies. (Dkt. 53 at 3–7). The Government's right.

Eligibility for relief under § 3582(c) is conditioned on a prerequisite: A defendant may seek a sentence reduction only if he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring the motion on [his] behalf," or after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Soto hasn't established that he exhausted his administrative remedies. In particular, he hasn't submitted any evidence proving he asked the BOP to recommend a sentence reduction on his behalf or that BOP refused. The Court therefore lacks jurisdiction to entertain the motion. *See United States v. Reid*, 2020 WL 1904598, at *4 (N.D. Cal. 2020) ("The Court cannot forgive the failure to exhaust, and without exhaustion, the Court lacks jurisdiction over the motion.").

Soto's motion for early release is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

Dated: June 15, 2022

*[signature]*

**HON. LARRY ALAN BURNS**
United States District Judge